WILKINSON *v.* POSEY, CONSTABLE, ET AL.

[74 South. 125, Division B.]

HUSBAND AND WIFE. *Conveyances. Liability of wife for debt of husband.*

Where a husband bought land taking title in himself, and afterwards purchased supplies from defendant with which he considerably improved the land, and afterwards conveyed the land to his wife, claiming that the wife furnished the money for the original purchase, in such case where the defendant had sold the supplies on the husband's apparent ownership against whom he obtained judgment, for the supplies, the wife could not successfully enjoin defendant's execution against the land, since she could not, in equity and good conscience, retain the benefits without paying the defendant whose claim antidated the conveyance to her.

APPEAL from the chancery court of Neshoba county. HON. J. F. McCOOL, Chancellor.

Bill for injunction by Mrs. Lizzie Wilkinson against M. C. Posey, Constable, and another. From a decree for defendant, complainant appeals.

The facts are fully stated in the opinion of the court.

*Earl Richardson,* for appellant.

The court will observe that this land had been deeded to the complainant some four months before the judgment was obtained against her husband. The court will also observe from this record that the defendants did not file a bill to cancel the deed made by Norris Wilkinson or J. N. Wilkinson but levied on and advertised for sale the property of the complainant and they did not ask in their answer to cancel the deed but just merely charge that the conveyance was made to defraud A. J. Patterson, a creditor of the husband of complainant.

I have searched the authorities and failed to find any case where this procedure was adopted, and in all the cases bearing on this question the creditor has first filed his bill to cancel the deed and ask for a sale of the property to satisfy his judgment, but this creditor has just simply undertaken to sell the property of complainant without any regard to her rights and she, too, not being a party to the litigation between her husband and A. J. Patterson.

The conveyance recites a valuable consideration and such recital is *prima facie* evidence of the fact and stands conclusively until shown otherwise, by competent evidence. See *Leach v. Shelly,* 58 Miss. 686; *Baum* v. *Lynn,* 72 Miss. 932.

The rule of law applicable to transactions between husband and wife seems settled in this state. It has been held that such dealings, though to be carefully scrutinized on account of the temptation to give an unfair advantage to the wife over other creditors, must be treated by the same principle as a conveyance by a debtor to a stranger when brought in question as fraudulent against creditors. See *Koffman* v. *Whitney,* 50 Miss. 108.

It is not enough to charge fraud in vigorous phrases nor enough to procure evidence to support the charge which raises mere suspicion, but it devolves upon the

person charging fraud to clearly show the fraud charged by satisfactory evidence. See *Shoe Company* v. *Davy,* 75 Miss. 51.

Where the proof does not show fraud, the court cannot affirm its existence. See *Hiller v. Ellis,* 72 Miss. 700; *Mizell* v. *Herbert,* 12 Smed. & M., 547.

We also direct the court's attention especially to the cases of *Ellen Eva Verden et al.* v. *Andrew J. Dwyer,* 78 Miss. 763. In this case the court says that ''a conveyance from a husband to his wife reciting a legal consideration is *prima-facie* valid and the burden of proof to show it fraudulent is on the creditor of the husband who assails it, and to warrant the setting aside of a conveyance as fraudulent, the conveyance must show the fraud by satisfactory evidence. Mere suspicion that it may be fraud is not sufficient.

I am unable to understand on what idea the chancellor decided this case and I appeal to this court firmly believing that after a careful consideration of this record, the case will be reversed.

*O. A. Luckett,* for appellant.

On the point raised by Mr. Richardson that the appellee should have filed a bill to set aside the fraudulent conveyance, or should have filed a cross-bill in this case, I care not to add anything more to what has already been stated by my friend, who covers the point fully, but I will content myself with replying to appellee's brief on one or two points.

It is contended by Mr. Wilson that credit was extended to Mr. Wilkerson on the apparent ownership of the forty acres of land, and, therefore, it is a fraud on the part of Mrs. Wilkinson to claim this land.

In the first place, we say that this credit was not extended on the faith of the ownership of this land, because we find for four, or five, or six years before the year 1911 that Wilkinson has been trading with the

appellee on credit, and that he could buy anything he wanted to, and that was before he purchased this land. Even admitting that the credit was extended on the faith of the apparent ownership of the land, that would not debar the owner from· selling it to a *bona fide* purchaser, either to a stranger or to his wife, for a valuable consideration; and the fact that the deed is made to the wife, would raise a reasonable presumption of a valuable consideration, and the burden of proof to show it fraudulent is upon the creditor of the husband who assails it. *Virden* v. *Dwyer*, 78 Miss. 763.

We call the court's special attention to this case, and that of *Serget* v. *Boyd*, 57 Miss. 485. ·There were more badges of fraud in the above cases than are to be found in this record, and yet the court reversed both of the cases, and dismissed the bills filed to set aside the alleged fraudulent conveyances.

In the case of *Kaufman* v. *Whitney*, 50 Miss. 103, this court says in reference to conveyances from husband to wife: "Such dealings (though to be carefully scrutinized on account of the temptation to give an unfair advantage to the wife over other creditors) must be tested by the same principles, as a conveyance by a debtor to a stranger, when brought into question as fraudulent against creditors." See, also, *Savage* v. *Dowd*, 54 Miss. 728; *Leach* v. *Shelby*, 58 Miss. 681; *Shoe Co.* v. *Davie*, 75 Miss. 451.

*G. E. Wilson*, for appellee.

The first contention made here by appellant, through counsel, is that appellee should have first filed a bill to cancel the deed of January 6th, from J. N. Wilkinson to appellant and it is insisted that all of the authorities, after a diligent search, hold that this was essential. Certainly counsel was not very diligent in his research. According to the rule announced by this court in the case of *Toulmin* v. *Heidelberg*, 32 Miss., 268, appellee pur-

sued the only remedy open to him under the law. It was there announced: "A party cannot maintain a bill in equity to remove a cloud from his title unless he has a legal or perfect equitable title." Further the court said in this case: "The rule is now too well settled to require comment that to authorize a court of equity to give relief in a case like the present, the complainant must, by his pleadings, show either a legal or complete equitable title and that failing in this respect no relief can be granted." This rule was later enlarged and broadened by the announcement of our court in 47 Miss. page 121, in the case of *Gallman* v. *Perrie,* in which it was said: "The jurisdiction of a court of equity is ample, either before or after a sale under a judgment to set aside a deed made in fraud of creditors— before the sale, in order that creditors may realize the full value of the property by offering an unembarrassed title to bidders; after sale, so that the clouds which obscure the title, and which, if permitted to remain, might endanger it, may be put away."

And again in 71 Miss. in the case of *Wilkinson* v. *Hiller,* page 678, the court said: "Strangers to the title to land are not entitled to remove a cloud. Hence one in possession but having no legal or equitable title to the land cannot maintain a bill in equity to remove a cloud from such title. In order to maintain his suit he must show either a good, legal or equitable title in himself."

In *Ormdorf* v. *Budlong,* 12 Fed. 24, it is held that a "court of equity has concurrent jurisdiction with a court or law to set aside a deed to real estate made to hinder, delay and defraud creditors and that this jurisdiction may be invoked by a judgment creditor either before or after sale upon execution, and that a purchaser under the execution has the same right in this respect as a judgment creditor."

In one of the leading cases on the subject, *Wagner* v. *Law,* 28 American State Report, 56, "the court,

after an exhausted review of the authorities, reached the conclusion that a judgment creditor who is also the execution purchaser, may maintain an action in equity to set aside a fraudulent conveyance of the land purchased, made by the judgment debtor, and to quiet the title acquired at the execution sale. The right to maintain such suit is not affected by the fact that the land was purchased by the judgment creditor for a trifle, because of the existence of such fraudulent conveyance."

The same rule is announced in practically all of the states. In *Becker* v. *Linton*, 127 Am. State Rep. 795, the court said: "Real estate, which has been conveyed without consideration in fraud of creditors of the grantor, may be levied upon and sold under an execution as the property of the grantor. In such case, the grantor, as to the execution creditor, has more than an equitable interest in' the realty conveyed, and the purchaser at the execution sale may maintain an. action against the fraudulent grantee to cancel the fraudulent conveyance and to quiet his title."

Counsel, although claiming to have made a diligent search, cited no authorities whatever to controvert appellee's right to proceed as he did in his effort to collect the judgment against the husband of appellant.

We therefore pass to the second contention made by counsel, and that is, if we understand his brief, that simply because the legal title to the property in question was in the name of the appellant, the same was not subject to execution. None of the authorities cited by counsel for appellant have any direct bearing in the light of the pleadings.

This brings us to the question as to whether or not the conveyance upon the part of Wilkinson to his wife was made in good faith, or whether it was a fraud upon the appellee who had extended him credit. The record, according to the testimony of both appellant and appellee, shows that the property was worth at the time of

this conveyance something like one thousand dollars, and yet the deed recites two hundred dollars and no explanation is given of this fact, further than that the same was suggested by J. F. McCauley, a brother of appellant, and the person who drew the deed. The rule of law is well settled that where fraud is charged, the burden is upon the parties to the transaction to show that it was *bona fide. Hodges* v. *Hickey,* 67 Miss. 715; *Cock* v. *Oakley,* 50 Miss. 628.

We submit that the proof wholly fails to meet the burden upon the part of the appellant, but to the contrary, fraud may be conclusively presumed from the whole record in this case. Appellant permitted her husband to exercise absolute possession over the land and to hold the same out to the world as his own and to obtain credit by reason of his apparent ownership. Appellee had the right and the legal right, to rely upon the honesty and good faith of Wilkinson as to the ownership of the land because there was no actual or constructive notice at the time of the representation to the contrary, and the law will not permit a person to hazard the interest of his creditor, as has been undertaken in this case.

Appellant cannot invoke the record of deed of January 6, 1912, since, according to her testimony and the testimony of her husband, she delegated to him complete control over all business of hers and had made him her agent. She cannot reap the benefit of her husband's agency and of the direct representations made by him and then repudiate his acts and his agency. 78 Ky. 644.

The law is well settled in this state that even though this conveyance had been made prior to the contracting of the debt upon Wilkinson's part to appellee, it could not stand. *Wynne* v. *Mason,* 72 Miss. 424. In this case the court well said: "It has been abundantly settled that the mere recording of a deed is no protection from actual fraud." And "that" transaction of

this character between husband and wife must be viewed with suspicion, and their fairness clearly established. "We call the court's special attention to this clear-cut and able opinion of the court as clearly decisive of the contention of appellee in his favor. *Clifton et al.* v. *Ambrose et al.,* 19 So., 628; *Becker* v. *Linton,* 127 Am. St. Rep. 795; *Matthews* v. *Thompson,* 104 American State Rep. 550.

And so we might consume the time of the court citing cases and authorities announcing the same rule *in infinitum* but a summary of the rule is found in *Crary* v. *Krutz,* 119 Am. State Rep., page 549, in the notes to said case.

This general rule is adopted by our court in 79 Miss. in the case of *Golden* v. *Goode,* page 400. In this case the court said: "The grantee in a voluntary conveyance has the burden of showing, when his deed is assailed by a creditor of the grantor, whose debt existed at the date of the conveyance, that the grantor retained property, easily accessible to execution, amply sufficient, in the ordinary course of events, to satisfy his then existing liabilities." We submit that there is no proof whatever in the record showing that appellant or appellant's husband had any property subject to execution or that could be reached by appellee, except the land involved in this suit.

ETHRIDGE, J., delivered the opinion of the court.

Mrs. Lizzie Wilkinson filed bill in the chancery court of Neshoba county to enjoin M. C. Posey, constable, from selling certain lands under an execution sale on a judgment in favor of A. J. Patterson and against the husband of Lizzie Wilkinson. A constable levied upon the property as the property of the husband, and the facts are about as follows: J. N. Wilkinson, the husband, bought the land in question in December, 1910, taking

title in his own name and using and controlling the lands until about the 5th of January, 1912, when he made the deed to his wife reciting a consideration of two hundred dollars, but no money at that time was paid him by the wife. She seeks to uphold the consideration on the theory that her money was used in the purchase of the land, and she is supported in this proof by her brother, who is the cashier of a bank at Philadelphia. In 1911, J. N. Wilkinson made an account with Patterson, who is a merchant, by which he obtained supplies, etc., on credit; Patterson testifying that he extended him credit because Wilkinson owned the land. A portion of the account was paid, but a balance of about eighty-two dollars was unpaid, and on the 1st of January Patterson sent his agent to see Wilkinson, and Wilkinson promised to pay it within a few days. Not complying with the promise, the agent was again sent about the 1st of February, when Wilkinson stated that he had ''sulled'' on the matter, and that when Patterson got right that he would settle with him. Patterson testifies that he went to see him and tried to ascertain what the trouble was, but could get nothing out of Wilkinson except that he had ''sulled.'' He thereupon filed suit and obtained judgment against J. N. Wilkinson which was enrolled in April, 1912.

The proof shows that J. N. Wilkinson made improvements on the land which increased the value thereof four or five hundred dollars, and that a portion of this expense was included in his account and paid by the judgment creditor. We think it contrary to equity and good conscience for the complainant to retain these benefits without paying the creditor whose claim antedated the conveyance, and the judgment is affirmed.

*Affirmed.*